IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL A. SCOTT, SR.,
*Administrator of the Estate of*
*Michael A. Scott, Jr.*,

                Plaintiff,

v.                                               CIVIL ACTION NO.  2:22-cv-00419

ZACHARY WINTERS, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Zachary Winters's Motion to Stay Proceedings Pending the Conclusion of Criminal Investigation* (Document 19), the accompanying *Memorandum of Law in Support of Defendant Zachary Winters's Motion to Stay Proceedings Pending Conclusion of Criminal Investigation* (Document 20), and the *Plaintiff's Response in Opposition to Defendant Zachary Winters's Motion to Stay Proceedings* (Document 27).

The Complaint in this matter alleges that Defendant Zachary Winters, a police officer with the City of Dunbar (also a Defendant), caused the death of Michael A. Scott, Jr. when he, along with Defendant Adam Mason, used excessive force and denied Mr. Scott access to medical care. Mr. Winters requests a stay of discovery based on the City of Dunbar's denial of FOIA requests for documents involving the decedent, Michael A. Scott, Jr., and/or Defendant Zachary Winters based on an "ongoing criminal investigation being conducted by the Kanawha County Sheriff's Department."  (Swisher Letter, Nov. 22, 2022) (Document 19-2.)

Mr. Winters argues that the investigation by the Kanawha County Sheriff's Office centers on precisely the same incident as this civil suit, that both parties will be unable to obtain the necessary discovery due to the pending criminal investigation, and that his Fifth Amendment right against self-incrimination in any criminal case would be prejudiced absent a stay. He suggests that, absent a stay, this Court will be faced with unnecessary discovery motions, while a stay pending resolution of the criminal investigation could streamline discovery. He states that "given that the status and expected duration of the criminal investigation are currently unknown, it is appropriate to stay the civil case indefinitely pending resolution of the criminal proceedings." (Def.'s Mem. at 8.) In addition, he contends that the public interest would be better served by a stay because the public has a greater interest in "seeing the criminal investigation proceed than it does in seeing Plaintiff's private claim be resolved quickly." (*Id.* at 7.)

The Plaintiff opposes a stay. He notes that no charges have been brought against Mr. Winters, and he remains employed as a law enforcement officer with the City of Dunbar. He argues that "the status of the criminal investigation is entirely speculative" and is derived from "another named Defendant, the City of Dunbar, who certainly stands to benefit from delaying this civil case." (Pl.'s Resp. at 6.) The Plaintiff argues that the estate would be prejudiced by an indefinite stay, and any "potential issue involving adverse inferences" should Mr. Winters be charged and invoke the Fifth Amendment in a criminal proceeding, could be addressed "if and when those issues ever materialize." (*Id.* at 9.) He further argues that a stay does not serve the public interest because Mr. Winters remains an active law enforcement officer and determining whether he abused his authority serves the public interest.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "Because of the frequency with which civil and regulatory laws overlap criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of parallel criminal proceedings." *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D.W. Va. 2005) (Copenhaver, J.).

This Court recently considered a motion to stay a civil proceeding related to an ongoing criminal prosecution and noted that the Fourth Circuit had not adopted a particular test. *Doe v. City of Gauley Bridge*, No. 2:21-CV-00491, 2022 WL 16554698, at *2 (S.D.W. Va. Oct. 31, 2022) (Johnston, C.J.) In that opinion, Chief Judge Johnston explained that courts in this district had previously relied upon a five-factor test established by the Ninth Circuit:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* (citing *Ashworth*, 229 F.R.D at 530 and *Keating v. OTS*, 45 F.3d 322, 325 (9th Cir. 1995)). In addition to the *Keating* factors, this Court has considered "the 'relatedness' of the criminal and civil proceedings, asking whether they 'involve substantially similar issues.'" *Id.* (citing *Ashworth*, 229 F.R.D. at 531). Furthermore, the Fourth Circuit has explained that "[s]tays generally are not granted before an indictment has issued." *Maryland v. Universal Elections, Inc.*,

729 F.3d 370, 379–80 (4th Cir. 2013) (finding denial of a stay appropriate where the motion "did not identify any particular Fifth Amendment conflict that had arisen or explain how the convening of two grand juries [targeting certain civil defendants] had jeopardized the constitutionality of the pending civil proceedings").

Mr. Winters has not been charged with a criminal offense, and there is no indication that charges are imminent. There is no evidence that a charging decision has been made or that charges have been presented to a grand jury. The Plaintiff has a strong interest in expeditious resolution in order to settle Mr. Scott's estate and achieve some level of closure in understanding the circumstances of his death. The risk of a criminal investigation and potential charges poses some risks for Mr. Winters with regard to potential testimony in this matter. However, the potential issues are quite speculative at this point, with no clarity regarding any potential charges and no scheduled deposition. An indefinite stay pending a criminal investigation with no current charges and no anticipated end date would not assist the Court in case management or judicial efficiency. There is little information to evaluate the interests of non-parties. The Court finds that the public interest would not be furthered by a stay. The public interest favors prompt resolution of civil litigation alleging misconduct by police, particularly where the officers are still serving. The public has an interest in ensuring that law enforcement officers comply with the Constitution, and tax dollars could be required to satisfy any finding of liability. While the public would have an even stronger interest in any related criminal charges, there is no reason to believe that these civil proceedings would interfere in any way with a potential criminal case. Thus, the *Keating* factors do not support a stay.

To the extent Mr. Winters cited the City of Dunbar's refusal to turn over certain evidence based on a criminal investigation, the Court finds that an otherwise-unjustified stay would not assist the parties in obtaining discovery materials. The Court declines to stay this matter at the request of one Defendant based on the refusal of another Defendant to comply with a FOIA request. Permitting the discovery process to proceed will permit all parties to litigate any discovery/evidentiary issues.

Wherefore, after careful consideration, the Court **ORDERS** that *Defendant Zachary Winters's Motion to Stay Proceedings Pending the Conclusion of Criminal Investigation* (Document 19) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 5, 2023

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA