IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL A. SCOTT, SR.,
*Administrator of the Estate of*
*Michael A. Scott, Jr.*,

                Plaintiff,

v.                                    CIVIL ACTION NO.   2:22-cv-00419

ZACHARY WINTERS, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Joint Motion to Stay* (Document 31), the *Defendants' Memorandum of Law in Support of Defendants' Joint Motion to Stay* (Document 32), the *Defendants' Emergency Motion for Protective Order to Stop All Discovery Until the Conclusion of the Parallel Criminal Investigation* (Document 35), and the *Plaintiff's Response in Opposition to Defendants' Joint Motion to Stay* (Document 48), as well as all attached exhibits.

The Plaintiff alleges that the Defendants, the City of Dunbar and police officers with the Dunbar Police Department, caused the death of Michael Scott, Jr., through the use of excessive force and denial of medical care.  The Court previously denied a motion to stay wherein the Defendants asserted that there was an ongoing criminal investigation into the matter, and the City of Dunbar had denied FOIA requests relevant to this lawsuit.  The Defendants state that the City of Dunbar received a federal grand jury subpoena on January 17, 2023, requesting documents related to the Defendants and the Plaintiff.  They indicate that the subpoenaed materials overlap

significantly with the discovery requested by the Plaintiff. The Plaintiff also noticed depositions of Defendants Winters and Mason in the same late February time frame as the federal grand jury date.

The Defendants contend that a stay is appropriate because the criminal investigation, as reflected in the grand jury subpoena, arises from the same incident and will involve much of the same testimony and evidence as the civil litigation. They argue that any prejudice to the Plaintiff will be limited because evidence and testimony will be preserved by the criminal investigation and suggest that periodic status reports can limit concerns about an indefinite stay. Defendants Mason and Winters argue that they would be unduly prejudiced if required to respond to discovery requests or submit to depositions before or shortly after the February 22, 2023 grand jury date. The Defendants contend that a stay could streamline discovery in the event that there is a criminal prosecution. Finally, they argue that the United States has an interest in "an unimpeded investigation," and the public has a stronger interest in criminal prosecution than civil litigation.

The Plaintiff argues that the grand jury subpoena does not constitute a change in circumstances that should alter the Court's previous analysis that resulted in denial of the motion to stay. He notes that the subpoena seeks only documents, not testimony, and the Defendants have not been charged or indicted. The Plaintiff indicates that Defendants Winters and Mason remain active police officers for the City of Dunbar—a role that both impacts the public interest given the allegations and could require them to offer testimony under oath in other proceedings. He argues that stays are generally granted only after indictments, and he would be prejudiced by potentially indefinite delay that may limit the availability of witness testimony. Finally, he contends that the public interest would be better served by permitting this matter to proceed, rather

than staying the civil litigation when neither the City of Dunbar nor the individual Defendants have chosen to limit Officers Winters and Mason from continuing to interact with the public in their capacity as police officers.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "Because of the frequency with which civil and regulatory laws overlap criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of parallel criminal proceedings." *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D.W. Va. 2005) (Copenhaver, J.).

This Court recently considered a motion to stay a civil proceeding related to an ongoing criminal prosecution and noted that the Fourth Circuit had not adopted a particular test. *Doe v. City of Gauley Bridge*, No. 2:21-CV-00491, 2022 WL 16554698, at *2 (S.D.W. Va. Oct. 31, 2022) (Johnston, C.J.) In that opinion, Chief Judge Johnston explained that courts in this district had previously relied upon a five-factor test established by the Ninth Circuit:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* (citing *Ashworth*, 229 F.R.D at 530 and *Keating v. OTS*, 45 F.3d 322, 325 (9th Cir. 1995)). In addition to the *Keating* factors, this Court has considered "the 'relatedness' of the criminal and

civil proceedings, asking whether they 'involve substantially similar issues.'" *Id.* (citing *Ashworth*, 229 F.R.D. at 531). Furthermore, the Fourth Circuit has explained that "[s]tays generally are not granted before an indictment has issued." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379–80 (4th Cir. 2013) (finding denial of a stay appropriate where the motion "did not identify any particular Fifth Amendment conflict that had arisen or explain how the convening of two grand juries [targeting certain civil defendants] had jeopardized the constitutionality of the pending civil proceedings").

The Court finds that the issuance of the grand jury subpoena creates a more substantial conflict between the Defendants' interest in avoiding self-incrimination in a criminal proceeding and avoiding an adverse inference in the civil litigation. The conflict is no longer speculative: The Plaintiff has noticed depositions of Defendants Winters and Mason for late February, within days of the February 22, 2023 grand jury date. The information and evidence requested by the grand jury subpoena overlaps significantly with the subject matter at issue in this lawsuit, and the likely areas of questioning at a deposition. The Plaintiff's interest in expeditious resolution remains strong. Judicial economy is unlikely to be substantially impacted by a stay. The Court will not speculate as to the United States' interest in whether this matter proceeds, as the United States is eminently capable of asserting any interest it may have. As the Court previously found, the public has an interest in prompt resolution of civil litigation related to the conduct of law enforcement officers, and absent an indication that the civil proceedings would interfere with a criminal investigation or prosecution, that factor weighs against a stay. Thus, the Defendants would be highly prejudiced by proceeding with discovery and depositions while the grand jury

receives evidence on their actions and Mr. Scott's death. The remaining factors, however, continue to weigh against a stay, particularly an indefinite stay.

Having considered the *Keating* factors, the Court finds that a brief stay is appropriate. The status of the criminal investigation and whether an indictment is imminent may become clearer after the grand jury date. Accordingly, the Court **ORDERS** that the *Defendants' Joint Motion to Stay* (Document 31) be **GRANTED**, that the *Defendants' Emergency Motion for Protective Order to Stop All Discovery Until the Conclusion of the Parallel Criminal Investigation* (Document 35) be **TERMINATED AS MOOT**, and that discovery in this matter be **STAYED** until **April 24, 2023**, a period of sixty days after the grand jury date.

The Court further **ORDERS** that the parties provide a status update thirty days after entry of this order and every thirty days thereafter.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 3, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA